JAMES T. CROWDER AND MARY W. CROWDER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Crowder v. Commissioner
Docket No. 10145-77.
United States Tax Court
T.C. Memo 1978-273; 1978 Tax Ct. Memo LEXIS 240; 37 T.C.M. (CCH) 1173; T.C.M. (RIA) 78273; July 24, 1978, Filed; As Amended August 17, 1978 *240 Respondent's Motion To Dismiss Based Upon Failure To State A Claim Upon Which Relief Can Be Granted, granted. Petition failed to allege any errors in respondent's determination of petitioners' tax liability or any facts concerning their taxable income, but instead recited various baseless constitutional arguments which have been decided adversely by this and other courts many times. When the case was called for hearing on respondent's motion to dismiss petitioners refused to discuss the propriety of respondent's motion to dismiss or facts relative to their taxable income. James T. Crowder and Mary W. Crowder, pro se. Norman A. Lofgren, for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: Respondent determined deficiencies in petitioners' income taxes and additions *241 to tax as follows: Petitioner James T. Crowder Additions to tax, I.R.C. 1954 Year
Deficiency
sec. 6651(a)
sec. 6653(a)
sec. 6654
1973
$ 7,217.66
$ 1,804.42
$ 360.88
$ 230.42
1974
3,037.11
759.28
151.86
96.96
[SEE TABLE IN ORIGINAL]
Petitioners were husband and wife residing in Dallas, Tex., at the time the petition was filed. James T. Crowder filed what purported to be Federal income tax returns for the years 1973 and 1974 with the Dallas office of the Internal Revenue Service. This is another of the several so-called "tax-protestor" cases that were called from the Dallas trial calendar of this Court on June 5, 1978, either for trial or on various motions to dismiss. This case was heard on respondent's motion to dismiss for failure to state a claim. In their petition petitioners alleged that the income tax returns they filed for the years 1973 and 1974, on which they entered no figures on the ground that to do so would violate their rights under the Fourth and Fifth Amendments to the United States Constitution, were filed as petitions for redress of grievances, a right guaranteed by the First Amendment to the Constitution, *242 that the issuance of the notice of deficiency forced them into the improper position of "petitioners" to the Tax Court in violation of due process of law, that they be granted a trial by jury, and that they be allowed the assistance of counsel of their own choosing. The petition alleged no specific errors in the notice of deficiency which forms the basis of this proceeding. At the hearing petitioners also refused to discuss their correct tax liability for the years 1973 and 1974 or any alleged errors made by respondent in his determination thereof. Since the jurisdiction of this Court is to redetermine the correct amount of the tax liability of the taxpayers who file petitions herein, and petitioners have alleged no errors in respondent's determination thereof, and have refused to offer any evidence of their correct tax liability for the years involved, petitioners have failed to state a claim upon which relief can be granted and respondent's motion to dismiss has been granted. Egnal v. Commissioner,65 T.C. 255 (1975); Blanchard v. Commissioner,T.C. Memo. 1977-352. See also the Memorandum Opinion issued in the case of Cameron v. Commissioner,T.C. Memo. 1978-272, *243 released today, the petitioner in which was one of the so-called "tax-protestor" group whose cases were called on this trial calendar. With reference to the specific allegations made in the petition, the income tax returns filed by petitioners for 1973 and 1974 were not valid returns since they did not contain sufficient data from which their tax liability for the year could be determined. Cupp v. Commissioner,65 T.C. 68 (1975), affd. 559 F.2d 1207 (3d Cir. 1977); Hatfield v. Commissioner,68 T.C. 895 (1977). The issuance of the notice of deficiency did not force petitioners to become "petitioners" in the Tax Court in violation of due process of law because they could have paid the deficiencies and filed suit for refund in the United States District Court or the United States Court of Claims. Nash Miami Motors, Inc. v. Commissioner,358 F.2d 636 (5th Cir. 1966); Rockwell v. Commissioner,512 F.2d 882 (9th Cir. 1975). Petitioners are not entitled to a trial by jury in the Tax Court. Swanson v. Commissioner,65 T.C. 1180 (1976); Cupp v. Commissioner,supra.Petitioners *244 did not seek representation by any specific "counsel of their own choosing" and no such counsel filed an entry of appearance in behalf of petitioners, so such request is moot. See also Cupp v. Commissioner,supra.
With reference to the "Notice of Particular Averment, etc." filed by petitioners at the hearing on June 5, 1978, see the Memorandum Opinion filed in Cameron v. Commissioner,supra.
On June 19, 1978, the Court received a document signed by petitioners dated June 15, 1978, entitled "Judicial Notice Demand At Supreme Federal Common Law For A Finding of Fact And Conclusion Of Law" in which petitioners demand a finding of fact and conclusion of law as to why the presiding Judge of this Court "would state under oath that this Chancery Proceeding was a Court of Law" which statement "was a totally stunning, chilling, devastating falsehood." Aside from the fact that the document was received after the case was dismissed and the "demand" contained therein is improper and totally irrelevant a perusal of the transcript of the proceedings in this case fails to reveal that any such statement was made by the Court in the hearing on this case. *245 In light of the actions of the five or six "tax-protestor" petitioners whose cases were called from the Dallas trial calendar on June 5, 1978, the Court would be remiss not to voice its disapproval of the tactics being used by this group for the reasons stated in the opinion in Hatfield v. Commissioner,supra at 899-900, and to reiterate the warning given in the concluding paragraph of that opinion. The petitions in all of these cases were voluminous and similar, none alleging any errors in respondent's determination of their tax liabilities, but instead simply repeating numerous baseless legal arguments, all of which have been decided adversely by the Courts time and again. When these cases were called from the calendar, each petitioner who was present refused to offer any evidence of his correct tax liability or to discuss the validity of respondent's motions to dismiss. It seems clear that they have no intentions of presenting any evidence which would assist the Court in determining their correct tax liabilities, which is the function this Court was created to perform and which they presumably petitioned the Court to do. The filing of such frivolous actions *246 simply impedes and delays the efforts of this and other courts in handling and disposing of the thousands of meritorious cases that are presented to them for decision.As was said in Hatfield v. Commissioner,supra: When frivolous cases such as this are brought to court, there is a question whether damages should be imposed under section 6673, which provides: * * *
* * * if tax protestors continue to bring such frivolous cases, serious consideration should be given to imposing such damages. * * * An appropriate order will be entered.