EARL RUSSELL RITCHIE, JR., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 12542–77.     Filed April 12, 1979.

*Stewart C. Walz,* for the respondent.

OPINION

HALL, *Judge:* Respondent determined a deficiency of $1,319 in petitioner's income tax for 1976. Respondent has filed three motions in this case: (1) A motion for judgment by default for the deficiency, pursuant to Rule 123(a), Tax Court Rules of Practice and Procedure;[1] (2) a motion for partial summary judgment for the $65.95 negligence penalty, pursuant to Rule 121(b); and (3) a motion for damages under section 6673,[2] pursuant to Rule 50(a).

Petitioner was a resident of Idaho Falls, Idaho, at the time his petition was filed. Petitioner filed a tax return, Form 1040, for 1976 with Form W–2 attached. The Form W–2 showed $10,836.44 in wages paid to petitioner during 1976 and $98.14 Federal income tax withheld. On his Form 1040, petitioner claimed 3 personal or dependency exemptions but listed no income and no tax liability. Petitioner claimed all income tax withheld during 1976 as a refund.

On October 28, 1977, respondent mailed to petitioner a notice of deficiency. Respondent determined that petitioner had income from wages of $10,836, as shown on petitioner's Form W–2, and respondent determined petitioner's tax using the rate for a single individual and allowing petitioner three exemptions and the standard deduction for a single individual. Petitioner timely filed a petition containing the following allegations:

(1) That respondent erred in computing the deficiency and that such error was willful, arbitrary, capricious, without legal or factual basis, and in violation of petitioner's constitutional rights.

(2) That respondent's determination of income was based upon illegal fiat paper money rather than the receipt of gold and silver coin.

(3) That this court should be treated as an administrative agency.

(4) That petitioner is entitled to a jury trial.

In support of his allegations of error, petitioner relied on the "fact" that he did not fail to do anything under the law that he was required to do, nor did he commit any act willfully, maliciously, or with bad intent or evil motive. Petitioner demanded that respondent's determination be set aside as null and void and that petitioner be awarded reasonable attorney's

[1]All rule references are to the Tax Court Rules of Practice and Procedure, 60 T.C. 1069 (1973).

[2]All statutory references are to the Internal Revenue Code of 1954, as in effect during the year in issue.

fees and compensation for hardship, pain and suffering, and loss of employment time as a result of this case.

On January 30, 1978, respondent filed an answer in which he asked this Court to (1) deny the relief sought in the petition, (2) approve the deficiency as set forth in the statutory notice, (3) determine that it lacks jurisdiction to award costs, expenses and attorney's fees, and (4) approve the negligence penalty of $65.95. The answer affirmatively alleged specific facts upon which respondent relied to sustain the negligence penalty. Petitioner did not file a reply to respondent's answer and the affirmative allegations set forth therein.

On April 28, 1978, respondent filed a motion for entry of an order that the undenied allegations in his answer setting forth facts upon which he relied to sustain the negligence penalty be deemed admitted pursuant to Rule 37(c), Tax Court Rules of Practice and Procedure. A hearing on the motion was held on May 31, 1978. No appearance was made by or on behalf of petitioner. By order of the Court dated May 31, 1978, these allegations were deemed admitted.

On September 26, 1978, this case was called at the calendar call for the trial session at Boise, Idaho. At the call of the calendar petitioner failed to appear to prosecute his case. Petitioner's failure to appear continued throughout the session of the Court at Boise.

On November 13, 1978, respondent filed a motion pursuant to Rule 123(a), Tax Court Rules of Practice and Procedure, for judgment by default for the deficiency set forth in the statutory notice. The basis for respondent's motion is that the petition does not state any grounds on which petitioner could prevail and, further, that petitioner did not appear at the trial session in Boise, Idaho, to plead or otherwise proceed with his case. A copy of this motion was served on petitioner; petitioner has not responded.

Rule 123 provides that when any party has failed to plead or otherwise proceed as provided in the rules, he may be held in default by the Court upon motion of the opposing party, and the Court may enter a decision against the defaulting party. Petitioner failed to appear at the scheduled trial session of this case, either in person or by representative. Accordingly, respondent's motion for judgment by default will be granted and a

decision will be entered against petitioner with respect to the deficiency set forth in the notice of deficiency.

On November 13, 1978, respondent also filed a document labeled "Motion for Judgment Without Trial" which we deem, pursuant to Rule 121(b), Tax Court Rules of Practice and Procedure, as of the date received, to be respondent's motion for partial summary judgment as to the negligence penalty. Respondent therein requested us to find in respondent's answer sufficient facts, previously deemed admitted by this Court, to support the negligence penalty of $65.95. Petitioner was served with this motion, but has not responded.

Section 6653(a) provides for an addition to the tax of 5 percent of the underpayment where "any part" of such underpayment is due to negligence or intentional disregard of the rules and regulations (which we have heretofore referred to as the negligence penalty). Respondent has the burden of proving negligence where, as here, the allegation was pleaded for the first time in the answer. Rule 142(a), Tax Court Rules of Practice and Procedure.

The facts deemed admitted establish (1) that petitioner filed his 1976 individual income tax return on or before April 15, 1977, (2) that petitioner received $10,836 in wages in 1976 but listed no income or tax liability on his 1976 return while claiming all withholding taxes during 1976 as a refund, and (3) that petitioner's 1976 return exhibited negligence or an intentional disregard for the rules and regulations relative to filing and completing a tax return.

Section 6011(a) provides that when a return is required to be made, it shall include the information required by the forms or regulations prescribed by the Secretary of the Treasury. Treasury Regulations section 1.6011–1(b) states: "Each taxpayer should carefully prepare his return and set forth fully and clearly the information required to be included therein." Although he attached a Form W–2 to his return, petitioner did not list any income figures or any tax liability. Moreover, we have deemed admitted as a fact that petitioner's return exhibits negligence or an intentional disregard of the rules and regulations relative to the filing and completing of a return. Since there is no genuine issue as to any material fact, respondent's motion for partial summary judgment will be granted and a decision will be entered against petitioner with respect to the

negligence penalty. See *Gilday v. Commissioner*, 62 T.C. 260 (1974).

On September 26, 1978, respondent filed, pursuant to Rule 50(a), a motion for damages under section 6673 which provides:

Whenever it appears to the Tax Court that proceedings before it have been instituted by the taxpayer merely for delay, damages in an amount not in excess of $500 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.

Respondent contends that petitioner instituted this case before the Court merely for purposes of delay and, therefore, the United States is entitled to damages under section 6673. A memorandum of authorities[3] was attached to respondent's motion. Petitioner was served with a copy of this motion and the attached memorandum; petitioner has not filed a response.

In *Wilkinson v. Commissioner*, 71 T.C. 633 (1979), this Court awarded to the United States damages of $500 against a taxpayer who instituted proceedings merely for delay. In *Wilkinson*, the taxpayer, relying on alleged constitutional defenses, refused to substantiate various claimed deductions. The taxpayer was repeatedly informed that his constitutional objections had no legal basis. During audit proceedings, a judge of the United States District Court ordered the taxpayer to show his records to respondent, but the taxpayer refused. After the statutory notice was sent and proceedings before this Court were initiated, respondent sent the taxpayer copies of several recent cases of this Court, including *Hatfield v. Commissioner*, 68 T.C. 895 (1977), dealing with the authority of this Court to impose damages under section 6673. Petitioner read these opinions but still refused to produce his records. At a pretrial conference, counsel for respondent informed the taxpayer that respondent intended to file a motion for damages under section 6673. Prior to and during trial, the Court repeatedly told petitioner that he had no basis in law for refusing to produce his records. Nevertheless, petitioner refused to make his books and records available. Respondent, accordingly, filed a motion for damages under section 6673. In granting respondent's motion,

---

[3]Respondent cited *Hatfield v. Commissioner*, 68 T.C. 895 (1977), and *Crowder v. Commissioner*, 37 T.C.M. 1173, 47 P–H Memo T.C. par. 78,273 (1978).

we found that the taxpayer's conduct, both before and after he filed his petition, indicated "that he filed his petition merely with the intent to delay paying his taxes." *Wilkinson v. Commissioner*, supra at 643.

Here, while petitioner has shown no initiative and has taken no action to bring this case to trial, we are not convinced that the record shows that he instituted these proceedings merely for purposes of delay. Petitioner did not appear at trial; consequently, we had no opportunity to inform him that his constitutional objections were without basis. Petitioner was not informed prior to trial that respondent intended to file a motion for damages under section 6673. Although respondent's memorandum of authorities cited *Hatfield v. Commissioner, supra,* we do not know whether petitioner read this opinion or understood the consequences of respondent's motion. In light of these facts, we conclude that the damages authorized under section 6673 are not appropriate in this case. Accordingly, respondent's motion will be denied.

*An appropriate order and decision will be entered.*