JAMES S. and NANCY BABCOCK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Babcock v. Commissioner
Docket No. 2044-78.
United States Tax Court
T.C. Memo 1981-90; 1981 Tax Ct. Memo LEXIS 646; 41 T.C.M. (CCH) 986; T.C.M. (RIA) 81090; February 26, 1981. Ralph W. Jones, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in petitioners' Federal income tax and additions to tax as follows: Petitioner
Year
Deficiency
Additions to Tax [1]
James S.
1971
$ 1,100.33
$ 550.77 sec. 6653(b)
Babcock
1972
1,203.69
601.85 sec. 6653(b)
1973
1,483.53
741.77 sec. 6653(b)
1974
1,705.27
852.64 sec. 6653(b)
1975
1,625.06
812.53 sec. 6653(b)
Nancy
1971
515.33
128.83 sec. 6651(a)
Babcock
25.77 sec. 6653(a)
1972
671.19
167.80 sec. 6651(a)
33.56 sec. 6653(a)
1973
619.53
154.88 sec. 6651(a)
30.98 sec. 6653(a)
1974
662.47
165.62 sec. 6651(a)
33.12 sec. 6653(a)
1975
569.13
142.28 sec. 6651(a)
28.46 sec. 6653(a)
*647 On April 23, 1979, this Court granted respondent's motion for partial summary judgment on all issues except the additions to tax for fraud under section 6653(b) asserted against petitioner James S. Babcock. Babcock v. Commissioner,T.C. Memo. 1979-161. The fraud issue remains before us. For all years in which fraud is not found, respondent alternatively asserts additions to tax under section 6653(a) for negligence and under section 6651(a) for failure to file a timely return. Respondent has also requested the Court to consider whether damages should be awarded under section 6673. FINDINGS OF FACT Petitioners, James S. and Nancy Babcock, resided at Moore, Idaho, when they filed their petition in this case. Petitioners are farmers. They filed joint Federal income tax returns for the years 1968, 1969, and 1970 which show taxes due and which do not appear on their face to be irregular in any respect. They have not reported or paid Federal income taxes since that time. For each of the years in issue, 1971 through 1975, petitioner James S. Babcock (hereinafter petitioner) *648 filed "tax protester returns." These were Forms 1040 which disclosed petitioner's name and address and claimed four exemptions, but which otherwise contained no information whatsoever from which a tax could be computed. Instead, a number of frivolous, so-called "constitutional objections" were written in the margin, and to each "return" was attached numerous pages of photocopied materials expressing various grievances about the way things are going these days. Both at the administrative level and throughout these proceedings, petitioner's posture has been one of resolute noncooperation and delay. In his and his wife's joint petition petitioner asserted, in effect, that his constitutional rights relieved him of the obligation to state a claim for which relief could be granted. [2]
*649 As mentioned above, respondent's motion for partial summary judgment as to the deficiencies was granted April 23, 1979. However, petitioner subsequently appeared before this Court on May 2, 1979, and indicated he was willing to produce his records for the years in issue. On respondent's motion Judge Scott then continued the case so that it might be settled amicably. Petitioner thereafter informed respondent's agents that his records had been destroyed in a fire. Later petitioner admitted there had been no fire after all and stated he was working on getting his records in order. Petitioner eventually submitted a brief schedule for the years 1971 and 1975 only, but further attempts by respondent's counsel to contact petitioner were rebuffed. When this case was called from the calendar at the Boise, Idaho, session of the Court held December 1, 1980, petitioner did not appear for trial. In his statutory notice, respondent determined petitioner's taxable income based on information obtained from third parties. OPINION Respondent declined to pursue the question of fraud at trial and did not address the issue on brief. Accordingly, we shall treat that issue as having been *650 conceded. The remaining issues are whether petitioner is liable for additions to tax under sections 6651 and 6653(a) and whether damages should be awarded under section 6673 for "proceedings * * * instituted by the taxpayer merely for delay." Respondent concedes he bears the burden of proof with respect to the additions under sections 6651 and 6653(a), since they were asserted for the first time in respondent's answer. See Ritchie v. Commissioner,72 T.C. 126, 129 (1979). Section 6651(a)(1) imposes an addition to tax of 5 percent of the tax per month up to 25 percent for failure timely to file a return, unless such failure is due to reasonable cause and not due to willful neglect. It is well settled that a "return" which discloses no information about a taxpayer's income from which a tax can be computed is not a return within the meaning of the revenue laws. United States v. Porth,426 F.2d 519 (10th Cir.), cert. denied 400 U.S. 824 (1970); Hatfield v. Commissioner,68 T.C. 895 (1977). Accordingly, petitioner filed no return for any of the years in issue. Moreover, the record in this case affirmatively demonstrates *651 petitioner's failure to file was due to willful neglect and not reasonable cause. For each year in issue, petitioner went out of his way to file documents which were not Federal income tax returns. See United States v. Johnson,577 F.2d 1304 (5th Cir. 1978). We therefore find that additions under section 6651(a)(1) should be imposed. Section 6653(a) imposes an addition to tax of 5 percent of the underpayment if any part of a deficiency is due to negligence or intentional disregard of rules and regulations. Intentional disregard of the rules is literally written all over the face of petitioner's returns for the years in issue. See Ritchie v. Commissioner,supra.We therefore find for respondent under section 6653(a). Finally, respondent has urged the Court to consider whether damages should be awarded in this case under section 6673. Section 6673 provides: Whenever it appears to the Tax Court that proceedings before it have been instituted by the taxpayer merely for delay, damages in an amount not in excess of $ 500 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same *652 time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. Based on our consideration of the entire record in this case, we have determined damages should be awarded herein. The petition filed in this case does not challenge respondent's factual determinations. The petition advances no arguments or theories which have not repeatedly been held to be "farfetched and frivolous." Porth v. Brodrick,214 F.2d 925, 926 (10th Cir. 1954). See United States v. Johnson,supra, and cases cited; Wilkinson v. Commissioner,71 T.C. 633 (1979); Hatfield v. Commissioner,supra.Since filing the petition petitioner's tactics have served no discernible purpose other than delay. His actions have completely belied his representations to the Court in 1979 that he was willing to cooperate with respondent in trying to reach a settlement in this case. Petitioner contemptuously failed to appear for trial. In short, as we held in Wilkinson v. Commissioner,71 T.C. at 643: "Petitioner's course of conduct, both before he filed his petition in *653 this Court and afterwards, indicates that he filed his petition merely with the intent to delay paying his taxes, and we have so found." Accordingly, we shall award damages to the United States in this case in the amount of $ 500. To reflect the foregoing, An appropriate order and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. The petition states, for example: 5. The facts upon which Petitioner(s) rely as the basis of this case are as follows: A. Petitioner(s) do/does not [sic] waive his/her/their Constitutional rights as guaranteed in Art. 1, Sec. 7 Cl. 1, Art. 1, Sec. 8, Clauses 1, 2, and 5, Art. 1, Sec. 9, Cl. 7 and more fully set forth in the entire Bill of Rights of the U.S. Constitution and will not waive these rights in order for Petitioner(s) to be in obedience to Unconstitutional Administrative Laws, rules and regulations such as 6001, 6011, 6012, 6651(a) and 6652(c) and 6653(a) and the entire IRC, and others (See Simmons v. US390 US 377. B. It is a fact that some persons are NOT required to file and Petitioner(s) believe that he/she/they fall into that catagory and are entitled to the full protection of the fifth amendment rights and immunities. L. Petitioner(s) cannot now and could not then complete the 1040 form in question and the attached schedules if any without possibly giving evidence and records that may tend to incriminate Petitioner(s) of making a false or incorrect or not a complete statement under the penalties of perjury and subject them to prosecution under 26 USC and more particularly 26 USC 7206↩. Petitioner(s) cannot now and could not then understand the thousands and thousands of pages of laws, rules, regulations, Tax Court decisions, secret rulings and Court cases pertaining to income tax. Even [former] Commissioner Donald C. Alexander, though a Tax Lawyer, said he did not understand the income tax. How then can the Petitioner(s) be expected to understand it?