MAHLON WICKEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wickey v. Commissioner
Docket No. 1035-81.
United States Tax Court
T.C. Memo 1982-60; 1982 Tax Ct. Memo LEXIS 684; 43 T.C.M. (CCH) 473; T.C.M. (RIA) 82060; February 10, 1982. *684 Petitioner failed to cooperate with respondent in preparing for trial and failed to appear when his case was called for trial. Held, respondent's motion to dismiss for lack of prosecution under Rule 123(b), Tax Court Rules of Practice and Procedure, is granted. Held further, respondent's motion for and of damages under sec. 6673, I.R.C. 1954, is denied. *685 Mahlon Wickey, pro se. Jack E. Prestrud, for the respondent. STERRETT
MEMORANDUM OPINION STERRETT, Judge: By notice of deficiency dated November 7, 1980 respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1977 in the amount of $ 5,198.50 and additions to tax pursuant to section 6653(a), I.R.C. 1954, in the amount of $ 259.93, pursuant to section 6651(a)(1) in the amount of $ 1,299.63, and pursuant to section 6654(a) in the amount of $ 139.51. This case is presently before the Court on respondent's oral motion to dismiss for lack of prosecution and on respondent's oral motion for damages under section 6673 due to instituting a proceeding before the Tax Court merely for delay. Petitioner resided in Hicksville, Ohio at the time he filed his petition in this case. He filed a Form 1040 for 1977 on which he stated his name, address and Social Security number and elected to be taxed at rates applicable to single persons. The remainder of the Form 1040 was blank except to indicate that petitioner had paid $ 625 in estimated tax payments and that he was seeking a refund of that entire amount. In addition, he noted at the *686 bottom of the form that he had taken a vow of poverty and that he therefore believed he was exempt from Federal income or FICA taxes. Attached to the Form 1040 were a copy of petitioner's Vow of Poverty, copies of a certificate of ordination and Doctor of Divinity degree from the Life Science Church (both dated April 30, 1977), and a copy of a State of Ohio Authority to Solemnize Marriages. In his petition, petitioner claimed, interalia, that respondent's determination was not supported by the evidence, that the determination was a malicious reprisal against petitioner for exercise of his constitutional rights, and that he was not required to file a Form 1040 for 1977 because he was an ordained minister licensed by the State of Ohio. The record in this case indicates that petitioner did not cooperate with respondent in stipulating to relevant facts. Accordingly, on October 14, 1981 we granted respondent's motion to compel stipulation. The facts and evidence set forth in respondent's proposed stipulation of facts were deemed admitted for the purposes of the case. In addition, petitioner filed a motion for indefinite continuation on September 28, 1981. In so doing, *687 he failed to state a reason for the requested continuation or a date when he would be available for trial. We saw no reason to grant the motion for continuance and therefore denied it. Finally, petitioner did not attend conferences on the case that were scheduled by respondent, did not respond to letters from respondent concerning preparation for trial, and failed to appear before this Court at the time of the call of the calendar of this case on October 26, 1981. At that time, respondent moved to dismiss. We continued the case for recall until November 3, 1981 and requested that respondent notify petitioner of his intention to renew the motion to dismiss if petitioner did not appear at that time. Petitioner failed to appear at the recall of the calendar of his case on November 3, 1981, leading to the motion of respondent that is presently before us. We believe that petitioner has been given adequate opportunity to prepare for trial and to present his case to this Court. Our patience is not boundless with respect to taxpayers who file protestor-type returns, petition this Court claiming that respondent's determination is unsupported by the evidence, and then fail to cooperate *688 with respondent or this Court to adduce the facts. Accordingly, respondent's motion to dismiss for failure to prosecute under Rule 123(b), Tax Court Rules of Practice and Procedure, is granted. Respondent also made an oral motion for award of damages authorized under section 6673. Section 6673 provides: Whenever it appears to the Tax Court that proceedings before it have been instituted by the taxpayer merely for delay, damages in an amount not in excess of $ 500 shall be awarded to the United States by the Tax Court in its decision. * * * In the past, such damages normally have been awarded only when circumstances indicate that the taxpayer was aware that his position was frivolous and his course of conduct supports a finding that he filed his petition merely for delay. See, e.g., Sydnes v. Commissioner,647 F.2d 813, 815 (9th Cir. 1981), affg. 74 T.C. 864, 872-873 (1980); Greenberg v. Commissioner,73 T.C. 806, 815 (1980); Wilkinson v. Commissioner,71 T.C. 633, 642-643 (1979). However, where a taxpayer showed no initiative, took no action to bring the case to trial, did not appear at trial, and was not informed *689 prior to trial that respondent intended to file a motion for damages under section 6673, we previously have found that imposition of damages was inappropriate. Ritchie v. Commissioner,72 T.C. 126, 131 (1979). Although petitioner's position appears to be frivolous, we are reluctant to impose the penalty since the Court did not have the opportunity to examine the petitioner face-to-face with respect to the reasons for his unreasonable attitude. This is not to say that we will, in all circumstances, require such an in-person appearance before imposing the penalty, but rather we do not choose to do so in this particular case. Accordingly, respondent's motion for the award of damages is denied. An appropriate order will be entered.