LeROY E. TONN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tonn v. Commissioner
Docket No. 10767-79
United States Tax Court
T.C. Memo 1982-118; 1982 Tax Ct. Memo LEXIS 628; 43 T.C.M. (CCH) 740; T.C.M. (RIA) 82118; March 10, 1982. Thomas G. Norman, for the respondent. [1]
WILBUR
MEMORANDUM OPINION WILBUR, Judge: Respondent determined a deficiency of $ 75,587.32 in petitioner's Federal income tax for the *629 taxable year 1973. Respondent further determined petitioner to be liable for additions to tax under sections 6653(b) and 6654 in the amounts of $ 37,793.66 and $ 2,348.80, respectively. [2]
This matter comes before this Court on respondent's motion seeking to hold petitioner in default insofar as the income tax deficiency and the addition to tax under section 6654 are concerned. See Rule 123(a), Tax Court Rules of Practice and Procedure. Respondent further seeks summary judgment in his favor on the issue of the addition to tax for fraud under section 6653(b). On July 19, 1979, LeRoy E. Tonn filed a petition with this Court disputing the income tax deficiency and the additions to tax set forth in respondent's notice of deficiency. On December 14, 1979, respondent filed an answer to the petition. The answer affirmatively alleged fraud on the part of the taxpayer. [3] Petitioner filed no reply to respondent's answer, and on March 10, 1980, respondent filed a Motion for Entry of Order that Undenied Allegations in Answer be Deemed Admitted pursuant to Rule 37(c), Tax Court Rules of Practice and *630 Procedure.[4] Following a hearing held on the motion, which petitioner failed to attend, notice of said hearing having been given, an order was entered granting respondent's motion. *631 No appearance was made by or on behalf of petitioner when this case was called from the trial calendar of the Court in Houston, Texas on December 7, 1981. [5] Respondent therefore moved that the case be dismissed for lack of prosecution insofar as the underlying deficiency and the addition to tax under section 6651 are concerned. We hereby grant respondent's motion and decision will be entered for the respondent in the amount of the deficiency in petitioner's income tax and the section 6654 addition determined in the notice of deficiency. [6]Gilday v. Commissioner,62 T.C. 260, 261 (1974). *632 As regards the addition to tax for fraud, the burden of proof rests on respondent to show that at least some portion of the understatement of income for each year was due to fraud with the intent to evade tax. Section 7454(a), Estate of Temple v. Commissioner,67 T.C. 143, 159 (1976); Rule 142(b), Tax Court Rules of Practice and Procedure. Fraud means an intentional wrongdoing and the intent required is the specific purpose to evade a tax believed to be owing. Mere negligence is not sufficient. Mitchell v. Commissioner,118 F.2d 308, 310 (5th Cir. 1941), revg. 40 B.T.A. 424 (1939). Fraud must be established by clear and convincing evidence. Brittingham v. Commissioner,66 T.C. 373, 403 (1976). Even though petitioner failed to prosecute his case, we must nevertheless determine whether respondent has presented sufficient evidence of fraud. Doncaster v. Commissioner,77 T.C. 334 (1981) (reviewed by the Court). As in Doncaster, respondent is faced with a taxpayer who has never made any attempt to prosecute his case, from the time the petition was filed through the 37(c) motion to the trial date, *633 despite notice at every point of the proceeding. Consequently, respondent relies on petitioner's failure to reply to the answer, and the order of the Court deeming the affirmative allegations of the answer admitted to carry his burden of proof. We held in Doncaster, as we had in Marcus v. Commissioner,70 T.C. 562 (1978), affd. in an unpublished order, 621 F.2d 439 (5th Cir. 1980) and Gilday v. Commissioner,supra, that this type of evidence is sufficient to find fraud. Turning now to the allegations deemed admitted, we find a mixture of specific facts indicating fraud and ultimate conclusions of fraud. As we said in Doncaster, this is sufficient to support a judgment of fraud. In Doncaster, we stated: The fact that subparagraphs (h) and (i) are worded in conclusory language does not require a different conclusion.They were "specified allegations" within the meaning of Rule 37(c); in our judgment, their deemed admission more than satisfies the respondent's burden of proof. Marcus v. Commissioner,70 T.C. 562, 577 (1978); cf. Ritchie v. Commissioner,72 T.C. 126, 129 (1979). We *634 are reinforced in our conclusion by the numerous holdings that fraud is a question of fact--albeit an ultimate question of fact. E.g., Grosshandler v. Commissioner,supra at 19. Even if we were to take the view that, in the context of this case, the ultimate issue of fraud should not be considered a pure question of fact, it is at least a question of "the application of law to fact" and consequently is an appropriate matter for the Court to deem admitted. Cf. Rule 90(a), Tax Court Rules of Practice and Procedure; rule 36(a), Fed. R. Civ. P. * * * [Doncaster v. Commissioner,supra at 337.] [Fn. ref. omitted.] The evidence before us establishes a fraudulent failure to file any Federal income tax return for the year in question in spite of the fact that petitioner received substantial amounts of income (in excess of $ 100,000) from a wide variety of sources (including salary, gains from sales of property, dividends, and purloined funds). We emphasize that petitioner has had every opportunity to present any contradictory evidence he has, but petitioner has chosen to remain silent since filing his petition. See *635 Doncaster v. Commissioner,77 T.C. 334, 338 (Dawson, J. concurring). An appropriate order and decision will be entered.
Footnotes
1. Petitioner was originally represented by an attorney, Albert A. Sanchez, Jr., who filed the petition in this case. On October 31, 1979, we granted Mr. Sanchez's motion to withdraw as counsel of record upon stipulation thereof by the petitioner.↩
2. All section references are to the Internal Revenue Code of 1954, as amended.↩
3. The allegations in question read as follows: 7. FURTHER ANSWERING the petition, and in support of the determination that the deficiency in income tax for the year 1973 due from petitioner, is due, in whole or in part, to fraud with intent to evade tax, and that all or a part of the underpayment of the tax required to be shown on petitioner's return for the year 1973 is due to fraud, the respondent alleges: (a) During the year 1973, petitioner Leroy E. Tonn, received salary income in the amount of $ 49,000 from Alexander Properties, Inc.
(b) During the year 1973, petitioner Leroy E. Tonn received salary income in the amount of $ 800 from Lakeside Industries, Inc.
(c) Petitioner failed to file a Federal income tax return for the year 1973. (d) Consequently, petitioner willfully and fraudulently and with intent to evade tax, failed to report on a Federal income tax return for said year salary income received. (e) During the year 1973, petitioner sold a piece of property known as Lot 53 in Collier County, Florida to Ruth Alexander for $ 47,568. He realized a gain of $ 7,136 on the sale. (f) During the year 1973, petitioner sold a piece of property known as Lot 47 in Kewagasaga Shores to Lloyd L. and Bertha Kant, 125 Guard Street, Rockford, Illinois 61103 for $ 72,500. He realized a gain of $ 23,515.14 on the sale. (g) During the year 1973, petitioner sold various pieces of Marathon CountyProperties for a total of $ 128,500. He realized gains on the sales in the amount of $ 6,425. (h) During the year 1973, petitioner sold stock in a corporation known as Canteen Service of Northern Wisconsin, Inc. for $ 30,000. He had a cost basis of $ 100. He realized a gain on this sale in the amount of $ 29,900. (i) Total gains on sales of property during the year 1973 equalled $ 66,976.14. (j) Petitioner is entitled to an I.R.C. § 1202 deduction in the amount of $ 33,488.07 leaving a net taxable gain on sales of property for the year 1973 in the amount of $ 33,488.07. (k) Petitioner willfully and fraudulently and with intent to evade tax, failed to report such sales on a Federal income tax return for 1973. (l) Consequently, petitioner willfully and fraudulently and with intent to evade tax, failed to report the gain on such sales on a Federal income tax return for 1973. (m) During the year 1973, petitioner received dividend income in the amount of $ 247.50 from Murray Machinery, Inc. (n) Petitioner willfully and fraudulently and with the intent to evade tax, failed to report such dividend income on a Federal income tax return for 1973. (o) During the year 1973, petitioner received $ 400 in director's fees from Marathon Electric Manufacturing Corp.Petitioner willfully and fraudulently and with intent to evade tax, failed to report on a Federal income tax return for the year 1973 said director's fees. (p) During the year 1973, petitioner received $ 300 in director's fees from Murray Machinery, Inc. (q) Petitioner willfully and fraudulently and with intent to evade tax, failed to report on a Federal income tax return for 1973 said director's fees. (r) During the year 1973, petitioner Leroy E. Tonn received $ 52,128.83 in income under the pretext of a loan in petitioner's employer's name which was converted to petitioner's personal use. (s) Specifically, petitioner forged his employer's name, Ruth M. Alexander, to three loans from First American National Bank in 1973 totaling $ 60,000 and converted $ 52,128.83 to his own use. (t) One of such loans was evidenced by a note in the sum of $ 25,000 dated February 13, 1973, due August 13, 1973, purportedly signed (forged by petitioner) in the name of Lakeside Industries, Inc. by Ruth N. Alexander, President, and petitioner Leroy E. Tonn as Vice-President. (u) Another of such loans was evidenced by a note in the sum of $ 25,000 dated April 6, 1973, due October 6, 1973, purportedly Inc. by Ruth N. Alexander, President, and petitioner Leroy E. Tonn as Vice-President. (v) The third loan was evidenced by a promissory note in the sum of $ 10,000 dated March 2, 1973, due May 31, 1973, to Merrit Lease Corporation, signed by petitioner Leroy E. Tonn, as officer, but which was made on a purported guarantee of said corporation's debts by Ruth N. Alexander (forged by petitioner) dated March 2, 1973. (w) Petitioner Leroy E. Tonn willfully and fraudulently and with intent to evade tax, failed to report on a Federal income tax return for 1973 said funds converted to his personal use. (x) The income tax due and payable by the petitioner for the taxable year 1973 is in the amount of $ 75,587.32. (y) The petitioner failed to file an income tax return for the taxable year 1973, and except for $ 1,750 withheld by Alexander Properties, Inc., failed to pay any portion of the income tax liability due from him for said year. (z) The petitioner's failure to file an income tax return and to report his correct taxable income for the taxable year 1973 was due to fraud with intent to evade tax. (aa) The petitioner's failure to pay his income tax liability in 1973 was due to fraud with intent to evade tax. (ab) A part of the underpayment of tax which petitioner was required to show on an income tax return for the taxable year 1973 is due to fraud. ↩
4. Rule 37(c), Tax Court Rules of Practice and Procedure, provides in relevant portion: (c) Effect of Reply of Failure Thereof. * * * Where a reply is not filed, the affirmative allegations in the answer will be deemed denied unless the Commissioner, within 45 days after the expiration of the time for filing the reply, files a motion for an order that specified allegations in the answer be deemed admitted. That motion will be noticed for a hearing, at which the motion may be granted unless on or before the date thereof the required reply has been filed.↩
5. A copy of the notice setting the case for trial was served on petitioner on September 1, 1981. ↩
6. As we have recently observed in Doncaster v. Commissioner,77 T.C. 334, 336 (1981): As to the underlying deficiency, there is no question that respondent should prevail, either on the ground that the petitioner has defaulted by virtue of his nonappearance at trial and/or has failed to carry his burden of proof. Gilday v. Commissioner,62 T.C. 260 (1974); Roldan v. Commissioner,T.C. Memo. 1980-73; Rule 142(a) [Tax Court Rules of Practice and Procedure↩].