FRANK LOUCIUS PERRY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Perry v. Commissioner
Docket No. 34662-83.
United States Tax Court
T.C. Memo 1986-100; 1986 Tax Ct. Memo LEXIS 505; 51 T.C.M. (CCH) 597; T.C.M. (RIA) 86100; March 17, 1986. Elizabeth Abreu, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: This case is before the Court on respondent's motion to dismiss for failure of petitioner properly to prosecute and for entry of decision. Respondent determined the following deficiencies in and additions to petitioner's Federal income tax: Sec. 6653(b) [1]
Year
Deficiency
Addition to tax
1980
$6,105.35
$3,052.68
1981
2,995.00
1,497.50
Petitioner filed a petition with this Court in which he alleged error with respect to respondent's determination. Respondent thereafter filed an answer and, as permitted by Rule 41(a), *506 an amended answer. In his amended answer, respondent both denied the substantive allegations of the petition and affirmatively alleged fraud on the part of petitioner for each of the years in issue. Since petitioner did not file a reply, respondent filed a motion for entry of an order that the undenied allegations of fact set forth in the amended answer be deemed admitted pursuant to Rule 37(c). Thereafter, this Court served upon petitioner a notice of filing of motion for order under Rule 37. Petitioner was thereby notified that, if he filed a reply as directed by the Court on or before the prescribed date, respondent's motion would be denied, and that if he failed to file a reply, the Court would grant respondent's motion and deem admitted the affirmative allegations in the amended answer. Petitioner failed to file a reply as directed by the Court's notice, and the Court thereafter entered an order on June 25, 1984, pursuant to which the affirmative allegations of fact set forth in paragraphs 6(a) through 6(p) of respondent's amended answer were deemed to be admitted. By means of a notice setting case for trial, dated February 12, 1985, the Court notified petitioner that trial *507 of this case would be held at the Court's trial session commencing May 14, 1985 in San Francisco, California. This notice included the following paragraph: The calendar for that Session will be called at 10:00 a.m. on that date and both parties are expected to be present at that time and be prepared to try the case. YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU. On May 14, 1985, when this case was called for trial, petitioner did not appear. At that time, respondent filed a motion to dismiss this case for failure of petitioner properly to prosecute and for entry of decision. Bearing in mind that petitioner has the burden of proof with respect to the underlying deficiencies in issue, ( Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a)) we first consider respondent's motion as it relates to those deficiencies. Rules 123(b) and 149(a) provide as follows: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, *508 for similar reasons, decide against any party and issue as to which he has the burden of proof; and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule. * * * The unexcused absence of a party or his counsel when a case is called for trial will not be ground for delay. The case may be dismissed for failure properly to prosecute, or the trial may proceed and the case be regarded as submitted on the part of the absent party or parties. In view of petitioner's unexcused failure to appear when this case was called for trial, we conclude that dismissal is appropriate. Accordingly, as to the underlying deficiencies, respondent's motion will be granted, and a decision with respect thereto will be entered against petitioner in accordance with the foregoing provisions of the Court's rules. Respondent has also asked in his motion that we sustain his determination that petitioner is liable for additions to tax for each of the years in issue under section 6653(b). That section provides, in pertinent part, that: "If any part of any underpayment * * * of tax required to be shown on a return is due to fraud, there shall be added to the tax *509 an amount equal to 50 percent of the underpayment." The existence of fraud is a question of fact to be determined from the entire record. Marcus v. Commissioner,70 T.C. 562, 577 (1978), affd. without published opinion 621 F.2d 439 (5th Cir. 1980); Stratton v. Commissioner,54 T.C. 255 (1970). Respondent bears the burden of proving fraud by clear and convincing evidence. Section 7454(a); Rule 142(b). In his amended answer in this case, respondent alleged various indicia of fraud, namely, (1) that petitioner had submitted with his federal income tax returns for the years in issue false and fraudulent documents purporting to support his claimed deductions; (2) that petitioner had engaged in a pattern of claiming on his Federal income tax returns deductions for expenses which had not been incurred and exemptions which had no basis in fact; and (3) that petitioner had submitted to respondent's agents false and fraudulent documents, and had made false and misleading statements to them, in an attempt to evade his lawful tax liability. Moreover, in paragraph 6(p) of his amended answer, respondent alleged that "a part of the underpayments *510 of tax required to be shown on petitioner's Federal income tax returns for 1980 and 1981 are due to fraud." All of these allegations were deemed admitted by this Court's order of June 25, 1984. In Doncaster v. Commissioner,77 T.C. 334 (1981), this Court held that respondent may satisfy his burden of proof in the issue of fraud by relying upon deemed admissions. In the instant case, the matters deemed admitted comprise allegations of specific facts evidencing fraud on the part of petitioner, as well as an allegation that a part of each of the underpayments here in issue was due to fraud. We consider these to be more than sufficient for us to conclude that respondent has satisfied his burden of proof on this issue. [2] Accordingly, we sustain the imposition of the additions to tax under section 6653(b). *511 To reflect the foregoing, An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Our conclusion is not altered by the fact that the allegation in paragraph 6(p) of respondent's answer involves an ultimate conclusion of fraud. In Doncaster v. Commissioner,77 T.C. 334 (1981), we stated: The fact that subparagraphs (h) and (i) are worded in conclusory language does not require a different conclusion. They were "specified allegations" within the meaning of Rule 37(c); in our judgment, their deemed admission more than satisfies the respondent's burden of proof. Marcus v. Commissioner,70 T.C. 562, 577 (1978); cf. Ritchie v. Commissioner,72 T.C. 126, 129 (1979). We are reinforced in our conclusion by the numerous holdings that fraud is a question of fact--albeit an ultimate question of fact. E.g., Grosshandler v. Commissioner,supra at 19. Even if we were to take the view that, in the context of this case, the ultimate issue of fraud should not be considered a pure question of fact, it is at least a question of "the application of law to fact" and consequently is an appropriate matter for the Court to deem admitted. Cf. Rule 90(a), Tax Court Rules of Practice and Procedure; rule 36(a), Fed. R. Civ. P. * * * [Doncaster v. Commissioner,supra↩ at 337. Fn. ref. omitted.]