LYNDA MILITO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Milito v. Commissioner
Docket No. 4686-88.
United States Tax Court
T.C. Memo 1989-146; 1989 Tax Ct. Memo LEXIS 145; 57 T.C.M. (CCH) 14; T.C.M. (RIA) 89146; April 4, 1989
Patrick E. Whelan, for the respondent. WHALEN
MEMORANDUM OPINION WHALEN, Judge: This case is before us on respondent's Motion for Default Judgment Pursuant to Tax Court Rule 123(a), filed December 6, 1988. At issue is respondent's determination of the following deficiencies in, and additions to, petitioner's Federal income tax: Addition to Tax
Year
Deficiency
Section 6653(b) [1]
1978
$ 109,731.00
$  54,866.00
1979
267,403.00
134,172.00
These deficiencies and additions result from respondent's underlying determination that petitioner failed to report income *146 derived from the sale of automobiles in the amount of $ 167,997.00 for 1978 and $ 403,366.00 for 1979. Petitioner, who resided in Staten Island, New York, filed her petition on March 10, 1988. Respondent's Answer, filed May 9, 1988, denied the substantive allegations of the petition, and affirmatively alleged: 7. FURTHER ANSWERING the petition and in support of the determination that all or part of the underpayments of tax required to be shown on the petitioner's income tax returns for the taxable years 1978 and 1979 is due to fraud, the respondent alleges: A. During the years at issue, the petitioner was an automobile wholesaler licensed by the New York State Department of Motor Vehicles (DMV) to do business in Staten Island, New York. B. As such, the petitioner conducted and participated in a used car business with her husband, Liborio Milito, since, due to prior criminal convictions for automobile violations, he could not legally sell used cars in the state of New York. C. As such, the petitioner signed DMV Forms MV-50 as the owner of automobiles using the name Castleton Autorama, which entity she knew did not exist. D. The petitioner filed Federal income tax returns *147 for the taxable years 1978 and 1979 using the status "Married, filing separately." E. Those tax returns failed to report a substantial amount of the gross income realized from the sale of automobiles during the taxable years 1978 and 1979. F. The petitioner should have reported as income the following amounts: 1.     1978
Total sales to auctions
$ 749,212.00
Total other sales
151,104.00
Total sales
$ 900,316.00
Profit mark-up (20.92%)
.2092 Total income which should
have been reported
$ 188,346.00
Income per return
-20,349.00
Adjustment (unreported income)
$ 167,997.00
2.     1979
Total sales to auctions
$ 1,567,010.00
Total other sales
395,065.00
Total sales
$ 1,962,075.00
Profit mark-up (20.92%)
.2092   Total income which should
have been reported
$   410,466.00
Income per return
7,100.00
Adjustment (unreported income)
$   403,366.00
G. The petitioner's failure to report large amounts of taxable income over a two year period was fraudulent with intent to evade tax. H. The petitioner's failure to maintain complete and accurate records of her and her husband's used car sales *148 and her failure to supply such records to the respondent in connection with the examination of the petitioner's income tax returns for the years at issue was fraudulent with intent to evade tax. I. Petitioner, fraudulently and with intent to evade tax, made false and misleading statements to respondent's agents during the examination. J. Petitioner, fraudulently and with intent to evade tax, failed to supply the preparer of her 1978 and 1979 income tax returns with accurate records of her and her husband's income from car sales, and lied to him by stating that no records were available for 1979. K. The petitioner's understatement of her tax liabilities in the amounts of $ 109,731.00 and $ 267,403.00 for the taxable years 1978 and 1979, respectively, was fraudulent with intent to evade tax. L. All or a part of the underpayments of tax required to be shown on the petitioner's income tax returns for the taxable years 1978 and 1979 is due to fraud on the part of the petitioner. Petitioner failed to file a Reply to respondent's Answer as required by Rule 37(a), to respond to or otherwise deny respondent's allegations, or to communicate with this Court in any fashion. On *149 June 23, 1988, the Court served the parties with a trial notice setting this case for trial on November 28, 1988 in Newark, New Jersey. The trial notice specifically advised them as follows: The calendar for that Session will be called at 10:00 A.M. on that date and both parties are expected to be present at that time and be prepared to try the case. YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU. Your attention is called to the Court's requirement that, if the case cannot be settled on a mutually satisfactory basis, the parties, before trial, must agree in writing to all facts and all documents about which there should be no disagreement. Therefore, the parties should contact each other promptly and cooperate fully so that the necessary steps can be taken to comply with this requirement. YOUR FAILURE TO COOPERATE MAY ALSO RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU. On June 23, 1988, the Court issued its Standing Pre-trial Order, directing the parties to prepare trial memoranda and a stipulation of facts, and informing them that the Court could impose appropriate sanctions, including dismissal *150 of petitioner's case, for failure to comply with the order. Respondent's motion, supported by a sworn affidavit, alleges that, in accordance with the order, he took the following appropriate steps to prepare for trial: (1) on October 14, 1988, he sent a letter to petitioner at the address 641 Todt Hill Road, Staten Island, New York, 10304, scheduling a conference on October 21, 1988 to begin the preparation of a stipulation of facts, and instructing her to contact respondent if that date was inconvenient; (2) on October 21, 1988, he attempted to telephone petitioner after she failed to appear at the scheduled conference; (3) on October 28, 1988, he sent a second letter to petitioner at the same address, warning her that respondent would move for dismissal and entry of judgment against petitioner for both the deficiencies and additions to tax if she did not respond to respondent's requests regarding trial preparation; and (4) on November 10, 1988, he served petitioner with his trial memorandum, which again warned her that respondent would move the Court to dismiss her case and sustain the additions to tax for fraud if she did not participate in trial preparation. Petitioner failed *151 to participate in trial preparation or respond in any fashion to respondent's attempts to communicate with her. Respondent's motion and supporting affidavit also allege that on November 22, 1988, Mr. Jack M. Portney telephoned respondent's attorney and explained that he was a Certified Public Accountant who had represented petitioner during the administrative proceedings in this case pursuant to petitioner's Power of Attorney. Mr. Portney advised respondent that petitioner had left the New York area and was believed to be in Florida seeking employment. He also authorized respondent to represent to the Court that petitioner would default her case. Petitioner failed to appear, either in person or by representative, at the scheduled trial of this case when it was called from the calendar on November 28, 1988, and recalled on November 30, 1988. Respondent subsequently moved the Court to hold petitioner in default under Rule 123(a) and enter judgment against her. The Court served petitioner with a copy of respondent's motion, to which she has not responded. There is no indication in the Court's records that petitioner did not receive our pre-trial order, the trial notice, or respondent's *152 motion. Respondent contends that, based on the record, including the affirmative factual allegations contained in his Answer, we should hold petitioner in default and find her liable for both the tax deficiencies and the additions to tax for fraud under section 6653(b). We agree. Pursuant to Rule 123(a), this Court may hold any party in default when that "party has failed to plead or to otherwise proceed as provided by these rules or as required by the Court * * *," and "[t]hereafter, the Court may enter a decision against the defaulting party * * *." Application of Rule 123(a) is appropriate when a taxpayer has failed to appear at trial. Ritchie v. Commissioner,72 T.C. 126, 128-129 (1979). Additionally, petitioner has failed "to plead or otherwise proceed," despite repeated warnings, by not participating in trial preparation, by not communicating with this Court, and by otherwise failing to prosecute her case. Smith v. Commissioner,91 T.C. 1049 (1988). The record reveals no reason to excuse either petitioner's failure to appear or her other inaction. Such conduct is sufficient for us to hold her in default. Respondent's determination *153 of the underlying tax deficiencies is presumptively correct, and petitioner bears the burden of proving otherwise. Rule 142(a); Castillo v. Commissioner,84 T.C. 405, 408 (1985). Respondent must prevail on the underlying deficiencies either on the ground that petitioner has defaulted by not appearing at trial or that she has failed to carry her burden of proof. Smith v. Commissioner, supra at 1052; Doncaster v. Commissioner,77 T.C. 334, 336 (1981). Accordingly, we grant respondent's motion and enter a decision by default against petitioner under Rule 123(a) with respect to the underlying tax deficiencies set forth in respondent's statutory notice. Respondent, however, bears the burden of proving fraud under section 6653(b) by clear and convincing evidence. Section 7454(a); Rule 142(b); Castillo v. Commissioner, supra at 408. Respondent must show that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead or otherwise prevent the collection of those taxes, that there is an underpayment of tax, and that some portion of the underpayment for each taxable year was due to the *154 taxpayer's fraudulent intent. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968), cert. denied 393 U.S. 1020 (1969); Webb v. Commissioner,394 F.2d 366, 377-378 (5th Cir. 1968), affg. T.C. Memo. 1966-81; Rowlee v. Commissioner,80 T.C. 1111, 1123 (1983). The existence of fraud is a question of fact to be resolved upon review of the entire record. Rowlee v. Commissioner, supra at 1123; Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). While fraud will never be presumed, Beaver v. Commissioner,55 T.C. 85, 92 (1970), it may be proved by circumstantial evidence, e.g., Stephenson v. Commissioner,79 T.C. 995, 1005-1006 (1982), affd. 748 F.2d 331 (6th Cir. 1984). To carry his burden of proving fraud, respondent relies on the affirmative allegations of fact set forth in his Answer. This is an appropriate procedure under the Rules of this Court, and we may enter decision against a defaulting taxpayer under Rule 123(a) for an addition to tax *155 for fraud if respondent has set forth specific affirmative allegations of fact which are sufficient to establish fraud. Smith v. Commissioner, supra at 1058. Petitioner's default, consisting of her failure to appear when her case was called and recalled for trial, has the effect of admitting all well-pleaded facts in respondent's Answer. Bosurgi v. Commissioner,87 T.C. 1403, 1409 (1986). If those facts are adequate to sustain a finding of fraud, then respondent is entitled to a default decision under Rule 123(a) for an addition to tax under section 6653(b). Smith v. Commissioner, supra at 1059. We believe that respondent's well-pleaded facts, taken to be true by reason of petitioner's default, are sufficient to satisfy his burden of proving fraud in this case. Petitioner filed returns for the years 1978 and 1979, which failed to report income in the amounts of $ 167,997.00 and $ 403,366.00, resulting in a consequent underpayment of tax in the amounts of $ 109,731.00 and $ 267,403.00, respectively. Mere failure to report income is not sufficient to establish fraud. Merritt v. Commissioner,301 F.2d 484, 487 (5th Cir. 1962), *156 affg. T.C. Memo. 1959-172. A pattern of consistent underreporting of income, however, especially when accompanied by other circumstances showing an intent to conceal, justifies the inference of fraud. Holland v. United States,348 U.S. 121, 139 (1954). Petitioner's fraudulent intent can be inferred from her entire course of conduct. Stone v. Commissioner,56 T.C. 213, 223-224 (1971); Otsuki v. Commissioner,53 T.C. 96, 105-106 (1969). First, petitioner's consistent underreporting of a substantial amount of income is persuasive evidence of fraud. Foster v. Commissioner,391 F.2d 727, 733 (4th Cir. 1968), affg. on this issue T.C. Memo. 1965-246; Marcus v. Commissioner,70 T.C. 562, 577, affd. without published opinion 621 F.2d 439 (5th Cir. 1980). Second, petitioner's failure to keep adequate books and records is also a badge of fraud. Bradford v. Commissioner,796 F.2d 303 (9th Cir. 1986), affg. T.C. Memo. 1984-601. Third, petitioner's refusal to cooperate with respondent's efforts to determine her correct tax liability, in the *157 context of this record, is a further indication of fraud. Stringer v. Commissioner,84 T.C. 693, 715 (1985), affd. without published opinion 789 F.2d 917 (4th Cir. 1986); Rowlee v. Commissioner, supra at 1125; Grosshandler v. Commissioner,75 T.C. 1, 20 (1980). Fourth, petitioner made false and misleading statements to respondent's agents during the course of their examination of her returns, which is another indicia of fraud. Grosshandler v. Commissioner, supra at 20; Powell v. Granquist,252 F.2d 56, 60 (9th Cir. 1958); Beaver v. Commissioner, supra at 93. Fifth, petitioner's failure to supply the preparer of her 1978 and 1979 income tax returns with complete and accurate information about her income demonstrates fraudulent intent. Korecky v. Commissioner,781 F.2d 1566, 1569 (11th Cir. 1986), affg. per curiam T.C. Memo. 1985-63; Merritt v. Commissioner, supra.Sixth, petitioner's participation in a used automobile business with her husband, despite the fact that he was prohibited from legally selling used cars in New *158 York after certain criminal convictions, shows that petitioner engaged in illegal activities, which is a further indication of fraud. Bradford v. Commissioner,supra.Seventh, petitioner signed DMV Forms MV-50 using the fictitious name of Castleton Autorama. Generally, attempting to conceal illegal activities is a badge of fraud. Bradford v. Commissioner, supra.The use of aliases or fictitious names to conceal income is also evidence of fraud. See Cooperstein v. Commissioner,T.C. Memo. 1984-290; Yu v. Commissioner,T.C. Memo. 1973-188; Staff v. Commissioner,T.C. Memo. 1954-59. Our review of the record as a whole, including the well-pleaded facts contained in respondent's Answer, reveals clear and convincing evidence that the deficiency for each of the subject years is due, at least in part, to fraud. Accordingly, we grant respondent's motion and enter a decision by default against petitioner under Rule 123(a) with respect to the additions to tax for fraud set forth in respondent's statutory notice. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect at the relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩