T.C. Summary Opinion 2017-18

UNITED STATES TAX COURT

WALTER CANCEL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 30096-14S.                          Filed March 23, 2017.

Walter Cancel, pro se.

<u>Nancy M. Gilmore</u>, for respondent.

SUMMARY OPINION

LAUBER, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Under

––––––––––––

[1]All statutory references are to the Internal Revenue Code in effect for the tax years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

With respect to petitioner's Federal income tax for 2011 and 2012, the Internal Revenue Service (IRS or respondent) determined deficiencies of $8,067 and $7,078, respectively. These deficiencies are attributable to respondent's disallowance, for lack of substantiation, of deductions that petitioner claimed on his Schedules A, Itemized Deductions, and Schedules E, Supplemental Income and Loss, for 2011 and 2012. After several continuances this case was set for trial in Baltimore, Maryland, on January 30, 2017. Petitioner failed to appear, and respondent moved to dismiss the case for lack of proper prosecution by petitioner. We will grant the motion.

## Background

The facts set forth below are derived from the parties' pleadings and motion papers and the exhibits attached thereto. Petitioner worked as an operations manager for a blood donor service during 2011 and 2012. He also owned rental real estate. He filed a timely return for each year on Form 1040, U.S. Individual Income Tax Return. On a Schedule A for each year he claimed deductions for mortgage interest, real estate taxes, charitable contributions, and unreimbursed em-

ployee business expenses. On a Schedule E for each year he claimed deductions for mortgage interest, real estate taxes, depreciation expenses, and repairs.

The IRS examined petitioner's returns for 2011 and 2012. He provided substantiation for some of the expenses, and the IRS allowed the claimed deductions to that extent. The IRS disallowed the remaining deductions for lack of substantiation. The Schedule E deductions for depreciation were partially disallowed because petitioner failed to exclude land from his depreciable basis.

Petitioner timely petitioned this Court and requested Baltimore, Maryland, as his place of trial. The case was calendared for trial in Baltimore on October 19, 2015. On October 15, 2015, after failing to respond to prior communications from respondent, petitioner informed respondent's counsel that he had moved to Texas, that he would be unable to attend the Baltimore trial session, and that he had additional documents to substantiate expenses underlying his claimed deductions. The case was continued at petitioner's request.

The case was rescheduled for trial in Baltimore on June 13, 2016. On June 3, 2016, after failing to respond to prior communications from respondent, petitioner provided respondent's counsel with additional documents that appeared to include some new information. At the parties' request the Court granted a continuance to enable respondent to review these documents. Respondent concluded

that the documents did not substantiate expenses underlying any of the disallowed deductions.

On October 25, 2016, respondent filed a motion to calendar the case on the Court's January 30, 2017, Baltimore trial session. Before filing this motion respondent spoke with petitioner, who indicated that he had since moved to Florida but nevertheless wished to have his case tried in Baltimore. We directed petitioner to file, by November 15, 2016, an objection (if any) to respondent's motion to calendar the case for trial in Baltimore. Petitioner did not respond to that order. On November 30, 2016, we granted respondent's motion and calendared the case for trial in Baltimore on January 30, 2017.

On January 13, 2017, respondent filed a motion to dismiss for lack of prosecution. In her motion counsel for respondent represented that she had telephoned petitioner twice in an effort to secure his assistance in preparing this case for trial. Although she left voice messages for him on each occasion, he failed to respond in any way. On January 25, 2017, respondent's counsel telephoned petitioner again, informing him that she had filed a motion to dismiss the case for lack of prosecution and that, if he did not appear for trial, the Court might grant this motion.

The case was called from the calendar in Baltimore on January 30, 2017. There was no appearance by or on behalf of petitioner. Counsel for respondent appeared and asked that we grant her motion to dismiss.

On February 6, 2017, we received from petitioner a document that we filed as his response to respondent's motion to dismiss for lack of prosecution.[2] This document was mailed on January 31, 2017, from an address in Baltimore, Maryland. In this document petitioner requested an "emergency continuance" of the January 30 trial session, stating that he now lived in Florida, that "it will be very expensive for petitioner to come to Maryland at the last minute," and that "his employer will not authorize him to take off for more than 3 days." If respondent declined to "settle the case by including additional expenses," petitioner requested that "the case be moved to Orlando, Florida" for trial.

## Discussion

Rule 123(b) provides that, "[upon] failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court * * *, the Court may dismiss a case at any time and enter a decision against the petitioner." We have

---

[2]On March 6, 2017, we received from petitioner a second document that we filed as a first supplement to his response to respondent's motion to dismiss for lack of prosecution. In this document he reiterated the same requests made in his first letter.

interpreted Rule 123 to permit entry of a judgment of default or dismissal consistently with our sound discretion and the interests of justice. See Stringer v. Commissioner, 84 T.C. 693, 706 (1985), aff'd without published opinion, 789 F.2d 917 (4th Cir. 1986). We have entered judgments of default or dismissal where a taxpayer (among other things) failed to appear at trial. Ritchie v. Commissioner, 72 T.C. 126 (1979).

We conclude that respondent's motion to dismiss this case for lack of proper prosecution should be granted. Petitioner originally designated Baltimore, Maryland, as his place of trial. Although he later moved to Texas and eventually to Florida, he informed respondent's counsel in October 2016 that he nevertheless wished to have his case tried in Baltimore. Respondent accordingly filed a motion to calendar the case for trial in Baltimore. We directed petitioner to respond to that motion, but he did not. In the absence of any objection from petitioner, we calendared the case for trial in Baltimore as respondent requested.

On November 30, 2016, we sent petitioner a pre-trial notice informing him that his case was set for trial in Baltimore on January 30, 2017. This notice informed him that, unless previously excused by the Court, "the parties must appear at the calendar call and be ready for trial." The notice emphasized that "cases will not be continued (i.e., postponed) other than under exceptional circumstances" and

that "[f]ailure to appear may result in a dismissal of the case and a decision against the nonappearing party."

Petitioner did not appear at the calendar call, and he did not request (or justify a request for) a continuance before the calendar call. Instead, on the day after his case was called for trial, he responded to the IRS motion to dismiss by requesting an "emergency continuance." The only justification he put forth was the asserted inconvenience of traveling from Florida to Baltimore for trial. But that inconvenience, if such it was, should have been obvious to petitioner for the previous three months. He nevertheless informed respondent's counsel that he wished to have his case tried in Baltimore. He ignored our order inquiring whether he objected to trial in Baltimore. And he did not communicate to the Court, at any time before the trial date, any objection to trial in Baltimore.

All of the issues in this case involve substantiation of expenses. The case was continued twice on petitioner's representation that he had additional documents to substantiate expenses underlying his claimed deductions. But the documents he supplied to respondent in June 2016 did not advance his cause. Our November 2016 pre-trial notice advised him of the need to "[o]rganize any documents you have to support your case" and "provide copies of documents to the IRS." Yet he ignored respondent's communications before the trial date and sup-

plied respondent's counsel with no documentation. In his January 31, 2017, response he asserted that he has a "meritorious defense" to the disallowed deductions and "has undisputed receipts." But he has again failed to supply respondent's counsel with any of these alleged documents.

Petitioner has displayed a repeated pattern of ignoring all of respondent's communications until shortly before the trial date, then requesting a last-minute continuance on the ground that he had additional documentation to supply. On the third iteration he inexcusably delayed in requesting a continuance until after the case was called for trial, and the justification he advanced was wholly unconvincing. We are unwilling to let petitioner kick the can down the road any longer. He has failed to cooperate with respondent in preparing this case for trial, and he has failed to respond to this Court's orders and comply with its Rules. We will accordingly grant respondent's motion to dismiss this case for lack of proper prosecution by petitioner.

To implement the foregoing,

<u>An appropriate order of dismissal and decision will be entered</u>.