NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 1 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FREDRIC A. GARDNER and ELIZABETH A. GARDNER,<br><br>Petitioners-Appellants,<br><br>v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>Respondent-Appellee. | Nos. 15-72851 & 15-72852<br><br>Tax Ct. Nos. 14877-13 & 2940-14<br><br>MEMORANDUM* |

Petition from the
United States Tax Court

Submitted November 17, 2017**
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

1

Before: GOULD and MURGUIA, Circuit Judges, and FREUDENTHAL,*** Chief District Judge

Fredric A. Gardner and Elizabeth A. Gardner (the "Gardners") petition for review of a Tax Court order concluding the District Court proceedings and findings in *United States v. Gardner*, No. CV05-3073-PCT-EHC, 2008 WL 906696 (D.Ariz. Mar. 21, 2008) collaterally estopped the Gardners from disputing that they promoted an abusive tax shelter in violation of 26 U.S.C. § 6700, and finding that the IRS established the Gardners sold the corporation sole promotion[1] to no fewer than 47 individuals, subjecting each of the Gardners to a penalty in the amount of $47,000.00. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We affirm.

Collateral estoppel applies if "(1) the issue at stake [is] identical to the one alleged in the prior litigation; (2) the issue [was] actually litigated by the party against whom preclusion is asserted in the prior litigation; and (3) the determination of the issue in the prior litigation [was] a critical and necessary part of the judgment."

---

*** The Honorable Nancy D. Freudenthal, Chief United States District Judge for the District of Wyoming, sitting by designation.

[1] The Gardners' tax shelter promotion involved the use of trusts, limited liability companies and, primarily, an entity known as a "corporation sole." *United States v. Gardner*, No. CV05-3073-PCT-EHC, 2008 WL 906696 (D.Ariz. Mar. 21, 2008), aff'd 457 F. App'x 611 (9th Cir. 2011). A "corporation sole" is "a corporate form authorized under certain state laws to enable bona fide religious leaders to hold property and conduct business for the benefit of the religious entity." *Gardner v. Comm'r*, 845 F.3d 971, 973 n.1 (9th Cir. 2016) (quoting Rev. Rul. 2004-27, 2004-1 C.B. 625, 626, 2004 WL 389673, at *1).

*McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1096 (9th Cir. 2004) (internal citation and quotation marks omitted). In this case, all elements of collateral estoppel are present – the parties are identical, the section 6700 penalty issue is identical and was actually, although unsuccessfully, litigated by the Gardners. The district court issued its injunction based on its findings that the Gardners' corporation sole promotions violated 26 U.S.C. § 6700, which penalizes abusive tax shelter promotions. Therefore, the Tax Court did not err in concluding the Gardners are collaterally estopped from disputing this issue.

Further, the Tax Court's factual findings on the amount of the penalty are supported by the record and are not clearly erroneous. An IRS agent testified as to his examination of the Gardners' bank accounts, his selection of 47 corporations sole organized by the Gardners, and the payments made to the Gardners for these 47 corporations sole. As part of the corporation sole promotions, each recipient obtained a copy of the Gardners' manual which contained the false/fraudulent statements. The Tax Court's legal conclusion is correct that the focus when imposing the penalty is on the actions of the promoter, not the recipient or whether the recipient makes use of the abusive tax shelter. *United States v. Estate Pres. Servs.*, 202 F.3d 1093, 1099 (9th Cir. 2000).

Finally, the Gardners argue the *Chenery* doctrine[2] bars or denies the Notices of Determinations because the Gardners never had the opportunity to challenge the mistake by the revenue agent in arriving at the $47,000 penalty. This argument lacks merit. The Tax Court affirmed the penalty on the grounds articulated by the revenue agent who was available for examination by the Gardners at the hearing.

**AFFIRMED.**

---

[2] In *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947), the Supreme Court held "a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency."