T.C. Summary Opinion 2020-11

UNITED STATES TAX COURT

FRIDAY O. JAMES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12911-15S L.                    Filed February 27, 2020.

Friday O. James, pro se.

<u>Kirsten E. Brimer</u>, for respondent.

SUMMARY OPINION

GUY, <u>Special Trial Judge</u>:  This collection review case involving a Federal

tax lien was heard pursuant to the provisions of section 7463 of the Internal

Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b),

---

[1]All section references are to the Internal Revenue Code of 1986, as

(continued...)

the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

This matter is before the Court on respondent's motion for entry of default judgment, as supplemented, filed pursuant to Rule 123(a). There was no appearance by or on behalf of petitioner when this case was called for trial. As discussed in detail below, the Court will grant respondent's motion and enter a decision sustaining the collection action.

## Background

### I. Petitioner's Tax Return Preparation Activities

In 2000 Friday O. James immigrated to the United States from Liberia. He initially worked as a mathematics teacher and later as a tax return preparer for H&R Block and Liberty Tax Service.

Petitioner eventually started his own tax return preparation business, operating under the name Frika Tax Services, where he and several employees prepared and electronically filed Federal income tax returns on behalf of numerous clients.

---

[1](...continued)
amended, in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

In 2008 and 2009 (years in issue) petitioner prepared and signed approximately 2,000 Federal income tax returns and amended tax returns. The Internal Revenue Service (IRS) conducted audits and determined that (1) approximately 150 of the tax returns included an erroneous claim for the first-time homebuyer credit (FTH credit) and (2) many of the tax returns included erroneous claims for deductions on Schedule A, Itemized Deductions, and Schedule C, Profit or Loss From Business.

II. IRS Civil and Criminal Investigations

In September 2009 the IRS opened a civil investigation focused on petitioner's potential liability for civil penalties related to his work as a tax return preparer. In September 2010 Revenue Agent Julie Hersh (RA Hersh) sent a letter and a detailed information document request to petitioner informing him that the IRS was investigating his potential liability for various penalties.

In the meantime, in early 2010 the IRS opened a criminal investigation and interviewed several of petitioner's clients. Some of those clients informed the IRS that petitioner had ignored or altered tax information that they had provided to him and improperly claimed the FTH credit and various deductions.

III.  Civil Injunction

In February 2011 the United States filed a civil action seeking to enjoin petitioner from preparing or filing Federal income tax returns for other taxpayers. On April 12, 2011, the U.S. District Court for the Eastern District of Pennsylvania issued a detailed memorandum and an accompanying order granting the Government's request for a preliminary injunction enjoining petitioner from preparing or filing Federal income tax returns for other taxpayers claiming the FTH credit and deductions for Schedule A expenses and Schedule C expenses.  In the memorandum the District Court found that petitioner engaged in "conduct that is subject to penalty under 26 U.S.C. [sec.] 6701."  On June 2, 2011, the District Court entered a stipulated permanent injunction barring petitioner from "acting as tax return preparer" and "engaging in conduct that substantially interferes with the administration or enforcement of the internal revenue laws."

IV.  Criminal Conviction and Incarceration

In March 2012 petitioner was indicted and charged with willfully aiding or assisting in the preparation of fraudulent or false Federal income tax returns under section 7206(2).  On October 30, 2013, following a jury trial, petitioner was found guilty of 14 and 12 violations of section 7206(2) for the taxable years 2008 and

2009, respectively. On January 2, 2014, petitioner began serving a term of 36 months in prison.

Petitioner filed an appeal challenging his criminal conviction. On October 20, 2015, the U.S. Court of Appeals for the Third Circuit affirmed petitioner's conviction and his sentence.

After completing his term of incarceration, petitioner was immediately taken into custody by Immigration and Customs Enforcement personnel and was held in detention pending deportation proceedings. In July 2018 petitioner was deported to Liberia.

V. Assessment of Civil Penalties

On December 12, 2013, after the conclusion of petitioner's criminal trial, RA Hersh prepared, and her immediate supervisor signed, a Form 8278, Assessment and Abatement of Miscellaneous Civil Penalties, authorizing the assessment of penalties under section 6701. On March 14, 2014, RA Hersh sent a letter to petitioner notifying him that the IRS had determined that he was liable for section 6701 penalties for the years in issue and informing him that he could provide a written rebuttal by April 11, 2014. On March 24, 2014, petitioner sent a rebuttal letter to RA Hersh challenging the penalties in relevant part on the ground

that the "Eastern District of Pennsylvania already considered the matter, and concluded that [the] fine is zero and restitution not applicable."

On July 28, 2014, respondent entered assessments against petitioner and sent notices of penalty charge to him requesting that he pay section 6701 penalties of $14,000 and $12,000 for the taxable years 2008 and 2009, respectively. Petitioner failed to remit payment.[2]

## VI. Collection Due Process Proceedings

On January 6, 2015, respondent sent a notice of Federal tax lien filing to petitioner in respect of the unpaid penalties for the years in issue. On January 12, 2015, petitioner mailed a Form 12153, Request for a Collection Due Process or Equivalent Hearing, to the IRS Office of Appeals (Appeals Office) requesting that the lien be withdrawn. Petitioner attached to Form 12153 a copy of the response that he had filed in opposition to respondent's motion to dismiss for lack of jurisdiction filed at docket No. 19956-14S, which in turn referred to his letter to

_____

[2]In August 2014 petitioner filed a petition with the Court at docket No. 19956-14S attempting to challenge the notices of penalty charge on the grounds that his criminal convictions were not final and sec. 6701 penalties are limited to $1,000 per taxable year. The Court granted respondent's motion to dismiss that action because no notice of deficiency or notice of determination had been issued to petitioner that would permit him to invoke the Court's jurisdiction.

RA Hersh dated March 24, 2014 (summarized above). Petitioner did not propose an alternative to the collection action or suggest that the lien was overly intrusive.

The Appeals Office informed petitioner that his administrative hearing would take place by telephone on March 12, 2015. Petitioner was incarcerated at the time and he did not call the Appeals Office as directed, nor did he submit any other documents in support of his challenge to the lien.

On April 17, 2015, the Appeals Office issued a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 to petitioner sustaining the lien filing. On May 18, 2015, petitioner filed a timely petition for review with the Court.[3]

As previously mentioned, no appearance was entered by or on petitioner's behalf when this case was called for trial. Petitioner has not provided the Court with his current address. Although the Court has mailed orders and notices to petitioner at multiple addresses, he has not replied to respondent's motion for default judgment or otherwise made an effort to prosecute this case.

---

[3]Although the notice of determination included a determination relating to petitioner's unpaid Federal income tax for 2010, 2011, and 2012, petitioner subsequently paid those tax liabilities, and they are not at issue in this case.

## Discussion

Rule 123(a) allows the Court to enter a default judgment against a party who "has failed to plead or otherwise proceed as provided by these Rules or as required by the Court". Rule 123(b) gives the Court even broader discretion to dismiss a case "[f]or failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient". We have construed Rule 123 liberally to permit default or dismissal consistent with our sound discretion and the interests of justice, see Stringer v. Commissioner, 84 T.C. 693, 706 (1985), aff'd without published opinion, 789 F.2d 917 (4th Cir. 1986), and have invoked the Rule where a taxpayer fails to appear at trial, see Ritchie v. Commissioner, 72 T.C. 126 (1979).

## I. Collection Due Process

Section 6321 provides that if any person liable to pay any tax neglects or refuses to pay the same after demand, the unpaid amount, including any interest, addition to tax, or assessable penalty, shall be a lien in favor of the United States. Although section 6322 provides that the lien imposed by section 6321 generally arises when the tax is assessed, section 6323(a) explains that the lien imposed by section 6321 is not valid as against certain of the taxpayer's creditors until a notice of lien is filed in accordance with section 6323(f). Section 6320(a) provides that

the Commissioner shall notify a taxpayer in writing when a notice of lien is filed under section 6323 and inform the taxpayer of the right to request an administrative hearing with the Appeals Office. See sec. 6330(b).

If a taxpayer makes a timely request for an administrative hearing, the hearing will be held before an impartial officer or employee of the Appeals Office. Sec. 6330(b). When conducting administrative hearings in collection matters, the Appeals Office must verify that the requirements of any applicable law or administrative procedure have been met in processing the case. Sec. 6330(c)(1), (3)(A). The Appeals Office also must consider any issues raised by the person relating to the unpaid tax or proposed levy, including offers of collection alternatives, appropriate spousal defenses, and challenges to the appropriateness of the collection action. Sec. 6330(c)(2)(A), (3)(B). A person may challenge the existence or amount of the underlying tax liability if the person did not receive a notice of deficiency or did not otherwise have an opportunity to dispute such tax liability. Sec. 6330(c)(2)(B). Finally, the Appeals Office must consider whether the collection action balances the need for efficient collection against the person's concern that collection be no more intrusive than necessary. Sec. 6330(c)(3)(C).

The Court has jurisdiction under section 6330(d) to review the Commissioner's administrative determinations in lien and levy actions. Where the

underlying tax liability is properly at issue, the Court will review the matter on a de novo basis. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the underlying liability is not properly at issue, the Court will review the administrative determination for abuse of discretion. Id. at 182. An abuse of discretion occurs if the Appeals Office exercises its discretion "arbitrarily, capriciously, or without sound basis in fact or law." Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Section 6671(a) provides in relevant part that assessable penalties, including section 6701 penalties, shall be assessed and collected in the same manner as taxes. Inasmuch as section 6701 penalties are not subject to deficiency procedures, see sec. 6703(b), petitioner was entitled to challenge his liability for those penalties before the Appeals Office, see Kestin v. Commissioner, 153 T.C. 14, 23-24 (2019) (discussing penalties assessed pursuant to section 6702). With regard to section 6701 penalties, the Commissioner has the burden of production pursuant to section 7491(c) and normally bears the burden of proof under section 6703(a).

As a preliminary matter, however, a taxpayer must properly present an underlying liability challenge at the Appeals Office administrative hearing in order to preserve that challenge for judicial review. See Thompson v. Commissioner,

140 T.C. 173, 178 (2013) ("A taxpayer is precluded from disputing the underlying liability if it was not properly raised in the CDP hearing."); Giamelli v. Commissioner, 129 T.C. 107, 115 (2007) ("We hold today that we do not have authority to consider section 6330(c)(2) issues that were not raised before the Appeals Office."); sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. ("An issue is not properly raised if the taxpayer fails to request consideration of the issue by Appeals, or if consideration is requested but the taxpayer fails to present to Appeals any evidence with respect to that issue after being given a reasonable opportunity to present such evidence.").

A.  Challenges to Underlying Liability

Giving petitioner the benefit of the doubt, his request for an Appeals Office administrative hearing raised at best two challenges to his liability for the section 6701 penalties in issue.[4]  Specifically, he asserted that the assessments were

_____

[4]Sec. 6701(a) provides in relevant part as follows:

(a) Imposition of Penalty.--Any person--

(1) who aids or assists in, procures, or advises with respect to, the preparation or presentation of any portion of a return, affidavit, claim, or other document,

(2) who knows (or has reason to believe) that such portion will be used in connection with any material matter

(continued...)

improper because (1) he had filed an appeal challenging his criminal convictions under section 7206(2) and (2) the penalty prescribed in section 6701 is limited to a single penalty of $1,000 per taxable year.

--------------------

[4](...continued)
arising under the internal revenue laws, and

(3) who knows that such portion (if so used) would result in an understatement of the liability for tax of another person,

shall pay a penalty with respect to each such document in the amount determined under subsection (b).

(b) Amount of Penalty.--

(1) In general.--Except as provided in paragraph (2), the amount of the penalty imposed by subsection (a) shall be $1,000.

(2) Corporations.--If the return, affidavit, claim, or other document relates to the tax liability of a corporation, the amount of the penalty imposed by subsection (a) shall be $10,000.

(3) Only 1 penalty per person per period.--If any person is subject to a penalty under subsection (a) with respect to any document relating to any taxpayer for any taxable period (or where there is no taxable period, any taxable event), such person shall not be subject to a penalty under subsection (a) with respect to any other document relating to such taxpayer for such taxable period (or event).

Petitioner's argument that the IRS erred in assessing civil penalties under section 6701 while the appeal in his criminal case was pending is misplaced. Although the IRS took note of petitioner's criminal convictions in support of its determination to assess the section 6701 penalties, the latter assessments were not directly dependent upon a finding that petitioner was criminally culpable under section 7206(2). Stated differently, civil penalties under section 6701 and criminal penalties under section 7206(2) are separate and distinct penalties. Although they share some common elements, one can be established wholly independent of the other. See, e.g., Kapp v. Commissioner, T.C. Memo. 2019-84, at *100-*101.

Petitioner's argument that section 6701 penalties are limited to a single penalty of $1,000 per year is likewise incorrect. Section 6701 provides for the assessment of a penalty on any person who aids and abets another person in understating his or her tax liability. In short, and as is relevant here, a tax return preparer who is liable for a penalty under section 6701(a) may be assessed $1,000 for each document that would result in an understatement of a client's tax liability, subject to the limitation that only one penalty may be imposed on a tax return preparer for an individual client for a particular taxable year. In this case the cumulative assessments that respondent entered against petitioner for the years in issue comply with the provisions of section 6701(a) and (b).

B. Verification

As mentioned above, the Appeals Office must verify that the requirements of any applicable law or administrative procedure were met in processing the taxpayer's case. Sec. 6330(c)(1). We review this verification requirement for abuse of discretion, see Gardner v. Commissioner, 145 T.C. 161, 183 (2015), aff'd, 704 F. App'x 720 (9th Cir. 2017), and do so without regard to whether the taxpayer raised it at the Appeals Office hearing, see Hoyle v. Commissioner, 131 T.C. 197, 202-203 (2008), supplemented by 136 T.C. 463 (2011).

Under sections 7491(c) and 6751(b), respondent bears the burden of producing evidence to show that before the section 6701 penalties were assessed they were "personally approved (in writing) by the immediate supervisor of the individual making such determination". See Graev v. Commissioner, 149 T.C. 485, 492-493 (2017), supplementing and overruling in part 147 T.C. 460 (2016).[5] The Court has held that section 6751(b) requires written approval of the initial penalty determination before the date when the taxpayer is first sent written notification of the penalties proposed. Clay v. Commissioner, 152 T.C. 223, 249

_____

[5]Respondent does not contend that sec. 6701 penalties fall within either of the statutory exceptions to the supervisory approval requirement under sec. 6751(b)(2).

(2019); see also Chai v. Commissioner, 851 F.3d 190, 221 (2d Cir. 2017), aff'g in part, rev'g in part T.C. Memo. 2015-42.

The record shows that RA Hersh first notified petitioner in September 2010 that the IRS was investigating his potential liability for various civil penalties. This tentative notification did not indicate that the IRS was proposing to impose a specific penalty. See Belair Woods, LLC v. Commissioner, 154 T.C. ___, ___ (slip op. at 14-15) (Jan. 6, 2020) (holding that tentative proposed adjustments do not constitute an "initial determination" within the meaning of section 6751(b)(1)).

In December 2013 RA Hersh prepared, and her immediate supervisor signed, a Form 8278 authorizing the assessment of section 6701 penalties totaling $26,000 against petitioner. Thereafter, in March 2014 RA Hersh sent a letter to petitioner notifying him that the IRS had determined that he was liable for section 6701 penalties for the years in issue and informing him that he could provide a written rebuttal by April 11, 2014. Although petitioner sent a rebuttal letter to RA Hersh challenging the penalties in question, the IRS subsequently entered assessments and sent notices to him requesting that he pay section 6701 penalties of $14,000 and $12,000 for the taxable years 2008 and 2009, respectively.

In the light of the steps outlined above, respondent satisfied the requirements of section 6751(b). RA Hersh's immediate supervisor authorized the

assessment of the penalties in dispute before petitioner was first informed that the penalties would be imposed against him and before those penalties were actually assessed. See Blackburn v. Commissioner, 150 T.C. 218, 223 (2018) (holding that the existence of a penalty approval form in the record was sufficient to establish the settlement officer's verification of assessments when the administrative record reflects compliance with administrative procedures); see also Kapp v. Commissioner, at *94-*96.

II. Conclusion

Petitioner failed to appear at the trial of this case, file a response to respondent's motion for default judgment, or inform the Court of his current address. Other than the misplaced challenges to the civil penalties underlying the lien action (discussed above), petitioner did not raise any issue regarding the collection action or propose an alternative such as an offer-in-compromise or an installment agreement. The Appeals Office did not abuse its discretion in this case and properly verified that the requirements of any applicable law or administrative procedure were met in processing petitioner's case. Consequently, the Court will grant respondent's motion for default judgment, as supplemented, and enter a decision sustaining the notice of determination upon which this case is based.

To reflect the foregoing,

An appropriate order and decision

will be entered.